# United States Court of Appeals
## For the First Circuit

No. 06-2364

RAMÓN SANTIAGO GUERRERO-SANTANA,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD

OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Selya and Cyr, Senior Circuit Judges.

Lazar Lowinger and Pamela Lindmark on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division,
Terri J. Scadron, Assistant Director, Office of Immigration
Litigation, and Benjamin J. Zeitlin, Trial Attorney, Office of
Immigration Litigation, on brief for respondent.

August 17, 2007

**SELYA**, **Senior Circuit Judge**.  The petitioner, Ramón Santiago Guerrero-Santana, seeks judicial review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen a removal proceeding.  In support of his petition, he suggests that the BIA abused its discretion both by failing to consider his claim of ineffective assistance of counsel and by refusing to apply equitable tolling to relieve him from the adverse effect of a missed deadline.  Concluding, as we do, that the BIA did not abuse its discretion, we deny the petition.

The circumstances are easily explained.  The petitioner, a citizen of the Dominican Republic, entered the United States without inspection on or about December 13, 1996.  Within a matter of weeks, the authorities charged him with deportability under former section 241(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(1)(B) (1996).

The removal proceeding was initiated by an order to show cause, which required the petitioner to appear before an immigration judge (IJ).  At the petitioner's request, the immigration court transferred venue from Houston, Texas, to Boston, Massachusetts.  Following the transfer, the IJ scheduled a hearing for September 11, 1997.  A notice was sent by certified mail, return receipt requested, to the address provided by the petitioner.  That notice commanded him to appear for the scheduled

hearing and advised him that failure to appear could result in an order of deportation in absentia.

The court received a return receipt signed by the petitioner and bearing a date of June 11, 1997. Nevertheless, the petitioner failed to appear for the scheduled session. The IJ entered a removal order in absentia.

In May of 2004 — approximately seven years later — the petitioner, represented by counsel in the person of John Seabrook, moved to reopen his case. In his motion papers, the petitioner contended that he had not become aware of either the scheduling notice or the deportation order until sometime in 2001. He attempted to justify his ignorance of these facts by claiming that the address he had provided to the immigration court was his brother's and that, when he arrived in Massachusetts, his brother and sister-in-law were in the throes of separating. As a result, he was forced to rely on his sister-in-law for mail. Both the petitioner's brother and sister-in-law furnished statements in support of the foregoing scenario.

The petitioner's tale of woe did not end there. He added that once he became aware of the deportation order in 2001, he retained an attorney named James Dragon. He said that he hired Dragon in conjunction with his wife, an American citizen whom he had married earlier that year. But Dragon (or so the petitioner

said) inexplicably failed to move to reopen his case as he had directed.

The IJ denied the motion to reopen. Crucially, she found that the petitioner had received appropriate notice of the scheduled hearing. She premised this finding on the fact that the petitioner personally had signed the return receipt. She added that, by waiting approximately seven years before moving to reopen, the petitioner had failed to comply with the ninety-day filing deadline for motions to reopen. See 8 C.F.R. § 1003.23(b)(1). Furthermore, the petitioner had not established that this delay was justified by exceptional circumstances. By the same token, he had not established prima facie eligibility for relief from deportation.

The petitioner appealed from this ruling. The BIA rejected his appeal, adopting and affirming the IJ's decision on May 17, 2005. The petitioner did not seek judicial review but, rather, frittered away yet another year before again moving to reopen.

This time, the petitioner was represented by his third lawyer in a five-year span — attorney Lazar Lowinger. In his motion to reopen, filed with the BIA, he reiterated his lack of notice claim, which the BIA already had rejected. He did however, add a new wrinkle — an allegation that he had received ineffective assistance of counsel from his two previous attorneys.

-4-

In this regard, the petitioner claimed that Dragon (who had since been disbarred on unrelated grounds) had neglected to file a motion to reopen on his behalf. His second lawyer, Seabrook, had rendered ineffective assistance, the petitioner maintained, by failing to raise Dragon's malpractice as a ground for relief in the first motion to reopen. While the petitioner conceded that his second motion to reopen was untimely, he claimed an entitlement to equitable tolling based on his counsels' ineffectiveness.

The BIA rejected the petitioner's second motion to reopen, noting that he had proffered no evidence to prove that ineffective assistance of counsel had caused the untimely filing of the motion. This petition for judicial review followed. In it, the petitioner repeats the claims presented in his second motion to reopen and asseverates that his untimely filing should be excused because (i) his due process rights were violated due to ineffective assistance of counsel and (ii) that ineffective legal representation entitled him to equitable tolling of the ninety-day filing deadline.

We preface our analysis of this asseverational array with a precis of the applicable legal standards. Motions to reopen removal proceedings are disfavored as contrary to "the compelling public interests in finality and the expeditious processing of proceedings." Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007)

-5-

(quoting Roberts v. Gonzales, 422 F.3d 33, 35 (1st Cir. 2005)). Consequently, we accord considerable deference to the BIA's decision on a motion to reopen and review such a decision solely for abuse of discretion. See Raza, 484 F.3d at 127; Roberts, 422 F.3d at 35. This means, in effect, that the BIA's decision will stand unless the petitioner can show that it rests on an error of law or that it is patently arbitrary. Raza, 484 F.3d at 127; Roberts, 422 F.3d at 35.

A myriad of statutes and regulations attends the conduct of removal proceedings. Under this regime, motions to reopen are limited both numerically and temporally. Thus, an alien ordinarily may file only a single motion to reopen a removal proceeding — and that motion ordinarily must be submitted within ninety days of the rendition of the final administrative decision. See 8 C.F.R. § 1003.23(b)(1). To be sure, the ninety-day deadline is subject to enumerated exceptions. See, e.g., 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. §§ 1003.2(c)(3)(i)-(iv), 1003.23(b)(4)(i)-(iv). To cite one example, the deadline is 180 days when an order is entered in absentia and the alien shows the existence of exceptional circumstances. See 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). To cite another example, the deadline may be extended indefinitely when the alien shows mis-delivery or non-delivery of the statutorily required notice. See id. § 1003.23(b)(4)(iii)(A)(2).

-6-

In this case, the petitioner's due process and equitable tolling claims both implicate the quality of his legal representation. While aliens have no constitutional right to counsel in removal proceedings, they are entitled to due process. See Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988). Thus, ineffective assistance of counsel in a removal proceeding may constitute a denial of due process if (and to the extent that) the proceeding is thereby rendered fundamentally unfair. Id.

Before us, the petitioner attempts to use his ineffective assistance of counsel claim to excuse the untimely filing of his second motion to reopen. He argues that his previous counsels' negligent representation entitled him to a broadening of the ninety-day window because it prevented him from making a timeous filing.

The petitioner's argument is deeply flawed. His claims of ineffective assistance of counsel, whatever their merit or lack of merit, cannot justify his failure to file the second motion to reopen within the prescribed period. Regardless of what legal missteps may have occurred earlier, a conspicuous fourteen-month gap exists between the denial of the petitioner's first motion to reopen and the filing of his second motion to reopen. The petitioner has failed to explain how his previous counsels' shortcomings caused this failure to comply with the temporal

deadline.[1]  The merits of his ineffective assistance of counsel claim are, therefore, immaterial.

That ends this aspect of the matters.  The petitioner has failed to forge a causal link between the alleged ineffectiveness of his first two lawyers and the untimely filing of his second motion to reopen.  And, finally, he has failed to show that he falls within any of the prescribed exceptions.

This leaves the petitioner's claim of equitable tolling. This court has not yet decided whether the BIA has either the authority or the obligation to excuse the late filings on the basis of equitable tolling.  See, e.g., Boakai v. Gonzales, 447 F.3d 1, 3 (1st Cir. 2006); Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (en banc).  We need not do so today: as we have said, the petitioner has made no developed argument that ineffective assistance of counsel caused his second motion to reopen to be late.

Even if we were to overlook this glaring causation problem, equitable tolling would hardly seem appropriate here. After all, that doctrine is to be invoked sparingly.  See Irwin v. Dep't of Vet. Aff., 498 U.S. 89, 96 (1990); Jobe, 238 F.3d at 100. The doctrine is not available as a means of rescuing a party who

---

[1]We note that the petitioner makes no assertion that he was not seasonably informed of the BIA's May 15, 2005 decision.

has failed to exercise due diligence. See Neverson v. Bissonnette, 261 F.3d 120, 124 n.2 (1st Cir. 2001); Jobe, 238 F.3d at 100.

Although the petitioner insists that he has vigorously pursued his rights by retaining attorneys, the record shows otherwise. The petitioner waited approximately four years after missing his initial court date before he hired an attorney. A series of other delays followed. Last, but far from least, his decision to sit idly by for fourteen months without either seeking judicial review of the BIA's May 2005 decision or promptly moving to reopen the proceeding at that point cannot on this record be ascribed to attorney error. Simply put, the petitioner's failure to file his second motion to reopen within the prescribed period was not "out of his [own] hands." Jobe, 238 F.3d at 100 (citing Salois v. Dime Sav. Bank, 128 F.3d 20, 25 (1st Cir. 1997)).

We need go no further. For the reasons elucidated above, we conclude, without serious question, that the petition for judicial review must be denied.


**So Ordered**.