# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2034

_____

Jose Eliodoro Gutierrez-Gutierrez,

*Petitioner*,

v.

Merrick B. Garland, Attorney General of the United States,

*Respondent.*

_____

Petition for Review of an Order of the
Department of Homeland Security

_____

No. 19-3715

_____

Jose Eliodoro Gutierrez-Gutierrez,

*Petitioner*,

v.

Merrick B. Garland, Attorney General of the United States,

*Respondent.*[*]

_____

[*]Attorney General Garland is substituted as respondent in both cases under Federal Rule of Appellate Procedure 43(c)(2).

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 17, 2020
Filed: March 22, 2021
_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Jose Eliodoro Gutierrez-Gutierrez, a native and citizen of Mexico, petitions for review of two decisions:  the reinstatement of a 1998 removal order by the Department of Homeland Security, and the denial of a motion to reopen the 1998 removal proceedings by the Board of Immigration Appeals.  We deny the petitions for review.

I.

Gutierrez entered the United States in 1996 using a border crossing card, *see* 8 C.F.R. § 212.6(a), and his Mexican passport.  The card functioned as a visitor's visa and permitted him to remain in the United States for three days, but he stayed until 1998.  The former Immigration and Naturalization Service then arrested Gutierrez and charged him as removable.

Gutierrez appeared in immigration court at Kansas City, where he was represented by counsel.  An immigration judge presided by teleconference from

Chicago. Gutierrez admitted removability and waived his right to appeal. The immigration judge issued an oral decision finding Gutierrez removable, and directed counsel for the government to serve Gutierrez with a removal order in person because the judge was presiding remotely. The government lawyer signed the judge's name on the removal order and served the order on counsel for Gutierrez. The immigration court later sent Gutierrez's counsel a copy of the same order signed by the judge. The government then removed Gutierrez to Mexico on April 20, 1998.

Gutierrez says that he reentered the United States in May 1998 with his passport and a border crossing card. Because he had been removed in April 1998, however, Gutierrez was inadmissible to the country for ten years unless he received permission from the Attorney General to reapply for admission. 8 U.S.C. § 1182(a)(9)(A)(ii), (iii). Gutierrez apparently avoided immigration authorities in the United States for nearly twenty years. In 2018, however, the Department arrested him and reinstated the 1998 removal order under 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. Gutierrez petitioned for review of the Department's reinstatement decision.

Separately, Gutierrez moved the immigration court to reopen proceedings and vacate the 1998 removal order. He argued that he suffered a "gross miscarriage of justice" due to ineffective assistance of counsel during the 1998 removal proceeding. The immigration court denied the motion, concluding that it lacked jurisdiction to grant the requested relief, and the Board of Immigration Appeals affirmed without opinion. Gutierrez petitioned for review, and we consolidated the two petitions.

II.

A.

Gutierrez first challenges the Department's reinstatement of his 1998 removal order. The reinstatement statute provides: "If the Attorney General finds that an alien

has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date." 8 U.S.C. § 1231(a)(5). By regulation, the Attorney General delegated authority to make reinstatement decisions to the former Immigration and Naturalization Service, 8 C.F.R. § 241.8(a), and those functions were transferred to the Department of Homeland Security in 2003. *See* 6 U.S.C. § 251.

A reinstated removal order "is not subject to being reopened or reviewed," 8 U.S.C. § 1231(a)(5), but this court may have jurisdiction under § 1252(a)(2)(D) to review constitutional claims or questions of law relating to the removal order. *See Molina Jerez v. Holder*, 625 F.3d 1058, 1062, 1068 (8th Cir. 2010). We also have exercised jurisdiction to review whether the reinstatement decision itself complies with the governing regulation. *Perez-Garcia v. Lynch*, 829 F.3d 937, 940 (8th Cir. 2016); *Ochoa-Carrillo v. Gonzales*, 437 F.3d 842, 843 (8th Cir. 2006); *see Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 294-95 & n.7 (5th Cir. 2002).

Gutierrez first argues that the reinstated 1998 removal order was obtained in violation of his constitutional rights, because his counsel was ineffective. This contention is untimely because it was not raised within thirty days of the underlying removal order, as required by 8 U.S.C. § 1252(b)(1). *Lara-Nieto v. Barr*, 945 F.3d 1054, 1060 n.4 (8th Cir. 2019).

Gutierrez next contends that the reinstatement decision is flawed because the Department did not satisfy the governing regulation. To reinstate a removal order, the Department must establish (1) a prior order of removal, (2) a subsequent departure from the United States under that order, and (3) an illegal reentry. 8 C.F.R. § 241.8(a). We will uphold the Department's determinations on these elements if they are supported by substantial evidence on the record as a whole. *Perez-Garcia*, 829 F.3d at 940-41.

Gutierrez contends that there was no prior order of removal because the reinstatement decision was premised on a "forged non-order" signed by the government attorney, rather than a removal order signed by the immigration judge. The administrative record, however, includes both versions of the removal order—one signed in Kansas City by the government attorney on behalf of the judge, and another signed by the judge in Chicago. The record shows that the immigration judge in 1998 entered an oral decision finding Gutierrez removable, and then arranged for the order to be signed. The immigration court served Gutierrez's counsel with a copy of the order signed by the judge in Chicago. There is thus substantial evidence supporting the existence of a prior removal order.

Gutierrez also claims that the Department failed to establish that he illegally reentered the United States in May 1998. He maintains that his entry was lawful because he was inspected and admitted by an immigration officer at the border. Gutierrez cites *Matter of Quilantan*, 25 I. & N. Dec. 285 (BIA 2010), for the proposition that a procedurally regular entry is an "admission" into the country. But *Quilantan* concluded only that a procedurally regular entry was an "admission" to the country that made an alien eligible for lawful permanent residence under 8 U.S.C. § 1255(a). *Id.* at 291. The relevant question here is whether Gutierrez "reentered" lawfully, not whether he was "admitted." *See Terrazas-Hernandez v. Barr*, 924 F.3d 768, 775-76 (5th Cir. 2019). Gutierrez's reentry was unlawful because he reentered within ten years of his removal without the Attorney General's permission to reapply for admission. *See* 8 U.S.C. § 1182(a)(9)(A)(iii). Accordingly, the Department properly reinstated the 1998 removal order.

B.

In his second petition, Gutierrez maintains that the Board erred in denying his motion to reopen the 1998 removal proceedings. The Board affirmed the decision of

-5-

an immigration court that it lacked jurisdiction to reopen, and that there was no basis to exercise jurisdiction based on an alleged "gross miscarriage of justice" in the case.

The Board correctly determined that the immigration court lacked jurisdiction to reopen the 1998 proceedings. The statute governing reinstatement of removal orders provides that a reinstated order "is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). An alien ordinarily has a right to file one motion to reopen within ninety days of a final removal order, but an alien forfeits that right by illegally reentering the country. *See Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354 (5th Cir. 2018). Gutierrez's motion also came well after the expiration of the ninety-day time limit for an alien's motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

Gutierrez contends that there should be a "gross miscarriage of justice" exception to the prohibition on reopening a reinstated removal order. The Board in the 1960s did allow aliens who reentered without permission to challenge previous deportation orders on the basis that the prior deportation could not have withstood judicial attack. *Matter of Farinas*, 12 I. & N. Dec. 467, 472 (BIA 1967); *Matter of Malone*, 11 I. & N. Dec. 730, 731 (BIA 1966). But the law then prevailing did not include the unambiguous prohibition on reopening a reinstated removal order that now appears in § 1231(a)(5). *See Molina Jerez*, 625 F.3d at 1062. We agree with the Board that current law does not allow for a miscarriage-of-justice exception to the statutory prohibition on reopening a reinstated removal order. *See Cuenca v. Barr*, 956 F.3d 1079, 1087-88 (9th Cir. 2020); *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354 & n.4 (5th Cir. 2018); *Cordova-Soto v. Holder*, 732 F.3d 789, 793-95 (7th Cir. 2013).

\*　　　\*　　　\*

For these reasons, the petitions for review are denied.

_____