# United States Court of Appeals
## For the First Circuit

No. 20-1425

ERVIN ROLANDO QUIROA-MOTTA,

Petitioner,

v.

MERRICK B. GARLAND\*,
United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Boudin and Kayatta, Circuit Judges.

    Hans J. Bremer and Bremer Law & Associates, LLC on brief for
petitioner.
    Jeffrey Bossert Clark, Acting Assistant Attorney General,
U.S. Department of Justice, Civil Division, Shelley R. Goad,
Assistant Director, U.S. Department of Justice, Office of
Immigration Litigation, and Jennifer A. Singer, Trial Attorney,
U.S. Department of Justice, Office of Immigration Litigation, on
brief for respondent.

---

    \* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Merrick B. Garland has been substituted as the respondent.

April 6, 2021

**BOUDIN, <u>Circuit Judge</u>**.  A citizen of Guatemala, Ervin Rolando Quiroa-Motta entered the United States without permission in 1992.  In 2005, Mr. Quiroa-Motta was issued a Notice to Appear before an Immigration Judge ("IJ") and applied for cancellation of his removal under 8 U.S.C. § 1229b(b)(1).  The IJ denied his application, and the Board of Immigration Appeals ("BIA") affirmed.  Mr. Quiroa-Motta was removed to Guatemala in June 2008 but reentered the United States that December.

Nearly eleven years later, Mr. Quiroa-Motta filed a motion to reopen the BIA decision based on ineffective assistance of counsel, arguing that his prior counsel failed to provide the documents necessary to support his original application.  The BIA, noting that the motion was time-barred and that Mr. Quiroa-Motta had not shown that equitable tolling was appropriate, denied the motion.  He appeals, and this court reviews the BIA's decision "solely for abuse of discretion."  <u>Bbale</u> v. <u>Lynch</u>, 840 F.3d 63, 66 (1st Cir. 2016).

In general, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(C)(i); <u>see also</u> 8 C.F.R. § 1003.2(c)(2).  Mr. Quiroa-Motta concedes that he filed his motion almost eleven years too late but argues he did not know his counsel ineffectively represented him before the IJ and the BIA until he talked to a different lawyer years after his return to the United

- 3 -

States.  See Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988).
Therefore, he claims, the statutory deadline should be equitably
tolled to ensure that he receives due process.

To succeed, Mr. Quiroa-Motta would have to show "(1)
that he has been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way" of filing by the
deadline.  Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010) (per
curiam) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).[1]
Equitable tolling is a rare remedy, and the burden is on Mr.
Quiroa-Motta to show that he "diligently pursued his rights for
the entire period he seeks tolled, not merely once he discover[ed]
the underlying circumstances warranting tolling."  Id.

Mr. Quiroa-Motta's motion to reopen did not include any
evidence that he diligently pursued his claims between the BIA's
dismissal of his application in February 2008 and when he hired
his current attorney.  Even if this court credits his argument
that he could not investigate his prior counsel's assistance while
he remained in Guatemala, a contention that he raises for the first
time on appeal, Mr. Quiroa-Motta does not adequately explain his
lack of diligence in the decade after he returned to the United
States.  See, e.g., Medina v. Whitaker, 913 F.3d 263, 267 (1st

---

[1] Although this court has not conclusively determined that
motions to reopen are subject to equitable tolling, see Tay-Chan
v. Barr, 918 F.3d 209, 214 (1st Cir. 2019), this court assumes
without deciding that it is an available remedy.

Cir. 2019).  As in Tay-Chan v. Barr, in which this court assumed that the petitioner had received ineffective assistance of counsel before the agency, the petitioner's "protracted period of inactivity . . . still supports the BIA's conclusion that [he] did not show due diligence."  918 F.3d 209, 215 (1st Cir. 2019); see also Molina v. Barr, 952 F.3d 25, 30-31 (1st Cir. 2020).

Finally, Mr. Quiroa-Motta argues, and the government agrees, that the BIA erred when it found that his motion was barred by 8 U.S.C. § 1231(a)(5).  That statute prohibits motions to reopen after a prior order of removal has been reinstated, and the Attorney General did not issue a reinstatement order here. However, the BIA's rejection of Mr. Quiroa-Motta's equitable tolling claim was an independently sufficient basis for denying his motion, rendering any error harmless.  See Bebri v. Mukasey, 545 F.3d 47, 52 (1st Cir. 2008).

Denied.