# United States Court of Appeals
## For the First Circuit

No. 20-1679

FABIO NOE GARCIA SARMIENTO,

Petitioner,

v.

MERRICK B. GARLAND,[*] Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Barron, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Susan M. Pires on brief for petitioner.
Timothy G. Hayes, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Brian Boynton, Acting Assistant Attorney General, and Cindy S. Ferrier, Assistant Director, Office of Immigration Litigation, on brief for respondent.

August 17, 2022

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Merrick B. Garland has been substituted for former Attorney General William P. Barr as the respondent.

**LYNCH**, **Circuit Judge**.  Petitioner Fabio Noe Garcia Sarmiento purports to petition for review of two decisions of the Board of Immigration Appeals ("BIA").  In the first decision, dated January 16, 2020, the BIA dismissed Garcia Sarmiento's appeal of an Immigration Judge's ("IJ") denial of his application for withholding of removal, 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c).  In the second, dated June 10, 2020, the BIA denied his motion to reopen proceedings, 8 U.S.C. § 1229a(c)(7).  Because the petition is timely only as to the June 10 decision, we dismiss Garcia Sarmiento's petition for review of the January 16 decision.  As to the June 10 decision, we deny the petition to review the BIA's denial of the motion to reopen.

## I.

These facts are drawn primarily from the IJ's oral decision of August 30, 2019, which was the subject of the January 16, 2020 BIA decision.  Garcia Sarmiento is a native and citizen of Honduras.  He first entered the United States in 2001 as a lawful permanent resident.  He was ordered removed and deported to Honduras in 2008 after he was convicted of possession of cocaine.  In Honduras, Garcia Sarmiento had a barbershop.  Gang members came to his business several times in the summer of 2014 and threatened him, demanding that he pay them rent.  In June of 2014, gang members killed Garcia Sarmiento's brother.  Garcia Sarmiento left

- 2 -

Honduras and, fearing violence from the gangs, reentered the United States without inspection in 2014. Garcia Sarmiento pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(1) and was sentenced to time served. See Judgment in a Criminal Case, United States v. Garcia-Sarmiento, No. 18-cr-00108 (D.R.I. June 14, 2019), ECF No. 26. On July 26, 2019, the Department of Homeland Security ("DHS") reinstated Garcia Sarmiento's previous removal order.

After expressing a fear of returning to Honduras, Garcia Sarmiento was referred to an asylum officer to determine his eligibility to apply for withholding of removal. Following an interview where it was determined Garcia Sarmiento had a reasonable fear of harm if he were returned to Honduras, he applied for withholding of removal. On August 30, 2019, Garcia Sarmiento had a hearing before an IJ. The IJ found that Garcia Sarmiento was credible. The IJ concluded that Garcia Sarmiento had not met his burden of showing eligibility for withholding of removal for three reasons: he had not demonstrated that he was a member of a protected social group, he had not shown the requisite nexus between his belonging to even his purported protected social group and the violence he feared, and he did not show that the Honduran government would be unwilling or unable to control the gang violence. See 8 U.S.C. § 1231(b)(3); see also Pulisir v. Mukasey, 524 F.3d 302, 308 (1st Cir. 2008). The IJ found that CAT protection

was not warranted because there was insufficient evidence that Garcia Sarmiento would more likely than not be tortured if he returned to Honduras. This was based on the evidence that Garcia Sarmiento had never been harmed by government officials and his testimony that he did not think the police would harm him, he did not fear the police, and he did not know if police were working with the people who wanted to harm him or if they would allow others to hurt him. See 8 C.F.R. § 1208.18(a)(1); see also Ali v. Garland, 33 F.4th 47, 53 (1st Cir. 2022). On appeal, the BIA adopted and affirmed the IJ's decision on January 16, 2020.

Garcia Sarmiento filed a motion with the BIA to reopen removal proceedings regarding the 2008 removal order and to stay removal on January 24, 2020. See 8 U.S.C. § 1229a(c)(7). The basis of his motion was the vacatur of his cocaine-possession conviction, which had led to his removal in 2008. He argued that the vacatur of his cocaine-possession conviction would make him eligible for and likely to succeed on a claim for either cancellation of removal or voluntary departure.

On June 10, 2020, the BIA denied Garcia Sarmiento's motion to reopen, finding that he had not established prima facie eligibility for relief. The BIA first found that under section 241(a)(5) of the Immigration and Nationality Act, Garcia Sarmiento was ineligible for relief because he was in withholding-only proceedings after having a prior removal order reinstated. See 8

- 4 -

U.S.C. § 1231(a)(5).  It next found that even if Garcia Sarmiento were not barred from such relief, he had not demonstrated either that he had been continuously physically present in the United States for ten years or any hardship to qualifying relatives, both of which are necessary to establish a prima facie case for eligibility for cancellation of removal.  See id. § 1229b(b)(1). The BIA also found that the new evidence would "not impact the reasoning for the denial of his prior applications for relief."

Garcia Sarmiento timely petitioned for review of the June 10 BIA decision on July 9, 2020.  See 8 U.S.C. § 1252(b)(1).

**II.**

A.   January 16, 2020 BIA Decision

In his petition, Garcia Sarmiento argues that the BIA erred in dismissing his appeal of the IJ's determination that he was ineligible for withholding of removal.  The government contends that this court lacks jurisdiction to review the January 16 decision because Garcia Sarmiento did not file his petition within the statutorily required thirty days.  See 8 U.S.C. § 1252(b)(1); see also Hurtado v. Lynch, 810 F.3d 91, 93 (1st Cir. 2016).[1]  Garcia

---

[1]    There is some question as to whether the appropriate date to begin the thirty-day clock is the date of the BIA's denial of the appeal or the date that the removal order was reinstated. See Bhaktibhai-Patel v. Garland, 32 F.4th 180, 191-93 (2d Cir. 2022) (finding that a reinstated removal order's reinstatement "became final on the day of that decision, order, and certification" rather than the date that the BIA affirmed the order

- 5 -

Sarmiento did not file the present petition until July 9, 2020, well outside of the thirty-day deadline.

"A motion to reopen or reconsider does not toll the period for filing a petition for judicial review of the underlying order of deportation." Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004); see also Stone v. INS, 514 U.S. 386, 405-06 (1995). The thirty-day time limit to file petitions for review is a "strict jurisdictional requirement." Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003). Accordingly, we do not have jurisdiction to hear Garcia Sarmiento's challenge to the January 16 decision.

B.   June 10, 2020 BIA Decision

Our review of the BIA's denial of Garcia Sarmiento's motion to reopen is "under the highly deferential abuse-of-discretion standard." Adeyanju v. Garland, 27 F.4th 25, 51 (1st Cir. 2022) (internal quotation marks omitted) (quoting Tay-Chan v. Barr, 918 F.3d 209, 212 (1st Cir. 2019)). We will find an abuse of discretion only where the petitioner shows that the BIA "committed a material error of law or exercised its authority arbitrarily, capriciously, or irrationally." Id. (quoting Tay-Chan, 918 F.3d at 212).

for purposes of the thirty-day time limit in section 1252). Because it would not change the outcome in the present case, we do not delve into this question.

- 6 -

The BIA correctly found that Garcia Sarmiento is barred from reopening his removal order by 8 U.S.C. § 1231(a)(5). This provision states:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Because Garcia Sarmiento reentered the country illegally in 2014 following removal, as the BIA concluded, he is now prohibited from the relief he seeks. See Lattab v. Ashcroft, 384 F.3d 8, 16 (1st Cir. 2004) ("[8 U.S.C. § 1231(a)(5)] subjects an illegal reentrant to three independent consequences: reinstatement of the prior deportation order, ineligibility for any relief, and removal.").

Many of our sister circuits have held that persons subject to reinstated removal orders following unlawful reentry are barred from reopening their orders of removal. See Tarango-Delgado v. Garland, 19 F.4th 1233, 1238-39 (10th Cir. 2021); Sanchez-Gonzalez v. Garland, 4 F.4th 411, 414-15 (6th Cir. 2021); Gutierrez-Gutierrez v. Garland, 991 F.3d 990, 994 (8th Cir. 2021); Cuenca v. Barr, 956 F.3d 1079, 1088 (9th Cir. 2020); Alfaro-Garcia v. U.S. Att'y Gen., 981 F.3d 978, 983 (11th Cir. 2020); Rodriguez-

- 7 -

_Saragosa_ v. _Sessions_, 904 F.3d 349, 354 (5th Cir. 2018); _Tapia-Lemos_ v. _Holder_, 696 F.3d 687, 689-90 (7th Cir. 2012). We agree.

We begin with the text of section 1231(a)(5). _See_ _Baker_ v. _Smith & Wesson, Inc._, 40 F.4th 43, 48 (1st Cir. 2022). It states that where a petitioner "has reentered the United States illegally after having been removed," "the prior order of removal is reinstated from its original date and is not subject to being reopened." 8 U.S.C. § 1231(a)(5); _see also_ _Tarango-Delgado_, 19 F.4th at 1238-39. Here, Garcia Sarmiento does not contest that he was removed, unlawfully reentered the country, and is now the subject of a reinstated removal order. Under a plain reading of section 1231(a)(5), his reinstated removal order cannot be reopened. _See_ _Johnson_ v. _Guzman Chavez_, 141 S. Ct. 2271, 2284 (2021) ("[R]einstated orders are not subject to reopening or review . . . .").

This plain reading accords with Congress's decision to take a "harder line" with people who reenter the country unlawfully when it enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, amending section 1231(a)(5) to apply to all illegal reentrants. _Fernandez-Vargas_ v. _Gonzales_, 548 U.S. 30, 33-35 (2006); _accord_ _Sanchez-Gonzalez_, 4 F.4th at 415.

This reading also accords with the Supreme Court's discussion of withholding-only proceedings in _Guzman Chavez_. There, the Court only noted that withholding proceedings are

- 8 -

available to petitioners subject to reinstated removal orders. Guzman Chavez, 141 S. Ct. at 2282-83. In withholding-only proceedings, a petitioner can seek, as Garcia Sarmiento did, statutory withholding under section 1231(b)(3)(A) and withholding under the CAT. Id. at 2282. However, even obtaining protection in withholding-only proceedings (which Garcia Sarmiento did not) does not change the finality of the reinstated removal order; it only prevents removal to a specific country, not removal from the United States. Id. at 2285-86. As the Court explained, "removal orders and withholding-only proceedings address two distinct questions. . . . [A]nd the finality of the order of removal does not depend in any way on the outcome of the withholding-only proceedings." Id. at 2287. That Garcia Sarmiento entered into withholding-only proceedings does not affect the finality of his reinstated removal order, which the BIA correctly found is not subject to being reopened.

Finally, Garcia Sarmiento asserts that the BIA erred not only by denying his motion to reopen removal proceedings but also by failing to "otherwise grant" him voluntary departure. But to the extent Garcia Sarmiento now requests voluntary departure independent of his motion to reopen, we must dismiss his petition for failure to exhaust administrative remedies. "We have consistently held that 'arguments not raised before the BIA are waived due to a failure to exhaust administrative remedies.'" Shah

- 9 -

v. <u>Holder</u>, 758 F.3d 32, 37 (1st Cir. 2014) (quoting <u>Molina De Massenet</u> v. <u>Gonzales</u>, 485 F.3d 661, 664 (1st Cir. 2007)).  Garcia Sarmiento made only a passing reference before the BIA that, as part of reopening, he should be granted voluntary departure.  The argument he makes to us was not exhausted before the agency.  Nor does his petition argue that the BIA was incorrect to interpret his references to voluntary departure as part of his motion to reopen.  That ends the matter.

**III.**

The petition is <u>dismissed</u> in part and <u>denied</u> in part.