# United States Tax Court

T.C. Memo. 2025-46

VIRGIL JOSEPH AIELLO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 22865-22L.                    Filed May 15, 2025.

————

Virgil Joseph Aiello, pro se.

*Philip M. Schreiber* and *Molly H. Donohue*, for respondent.


MEMORANDUM OPINION

URDA, *Judge*: In this collection due process (CDP) case, petitioner, Virgil Joseph Aiello, seeks review of a notice of determination issued by the Internal Revenue Service's (IRS) Independent Office of Appeals (Appeals Office) on March 7, 2022, which upheld a proposed levy. This Court received Mr. Aiello's petition on October 17, 2022, 194 days after the expiration of the 30-day period under section 6330(d)(1) to seek review in our Court.[1] After an evidentiary hearing and post-hearing briefing,[2] we conclude that Mr. Aiello has failed to allege sufficient facts that would entitle him to equitable tolling of the 30-day

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times. All monetary values are rounded to the nearest dollar.

[2] At the evidentiary hearing, the Court invited participation by the Tax Litigation Clinic at Harvard Law School as amicus curiae given the developing nature of the law on equitable tolling. We thank the Clinic, and in particular Messrs. Areeb Alam and Sean O'Connell, for its thoughtful brief.

**Served 05/15/25**

[*2] deadline and accordingly dismiss this case for failure to state a claim.

*Background*

The following facts are drawn from the parties' pleadings, the administrative record of the CDP proceeding, and statements made by the parties at a March 25, 2024, evidentiary hearing. These facts are stated solely for purposes of deciding the matter before us and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Mr. Aiello lived in Massachusetts when he filed his petition.

Mr. Aiello had an unpaid federal income tax liability for his 2015 tax year of $120,745 as of June 2021. To collect that liability, the IRS issued a notice of intent to levy, which advised Mr. Aiello of his right to a CDP hearing in the Appeals Office.

Mr. Aiello timely requested a CDP hearing, raising a challenge as to the proper crediting of $87,000 and requesting abatement of penalties because of significant eye problems that he suffered between 2014 and 2019 (when surgical treatment ultimately proved successful). In response the Appeals Office requested documentation in the form of a canceled check reflecting the purported payment.

The Appeals Office thereafter scheduled a telephone CDP hearing for January 18, 2022. Mr. Aiello neither provided the requested payment documentation nor participated in the scheduled call. The assigned Appeals officer sent him a followup letter giving him two weeks to provide any documentation for her consideration, including substantiation of the payment and his 2019 and 2020 federal income tax returns.

Mr. Aiello did not provide the information requested and, on March 7, 2022, the Appeals Office issued a notice of determination upholding the proposed levy, which Mr. Aiello received two days later. The notice stated that "to dispute this determination in court, [Mr. Aiello] must file a petition with the United States Tax Court within 30 days from date of this letter." The notice also included this Court's mailing address and website for electronic filing.

On March 15, 2022, Mr. Aiello faxed to the Appeals officer a letter responding to the notice of determination. In this letter, Mr. Aiello asserted that he had attempted to contact the Appeals officer without

[*3] success.  He also explained his position regarding the purported $87,000 credit, detailed that he derived the number from assorted 2014 payments (including a $100,000 payment that he documented by attaching a copy of the canceled check).

On March 23, 2022, Mr. Aiello transmitted to the Appeals Office a U.S. Tax Court petition challenging the notice of determination and a check for this Court's $60 filing fee.  The Appeals officer assigned to his case returned the petition and filing fee check to Mr. Aiello by letter dated April 1, 2022, which Mr. Aiello received shortly thereafter.  The letter did not reference refiling with this Court but directed Mr. Aiello to send any further communications to IRS Accounts Management Services.

On October 17, 2022, this Court received a petition signed and dated October 5, 2022, which purported to challenge the notice of determination upholding the proposed levy with respect to 2015.[3]  The petition referenced (and included as an attachment) a Taxpayer Advocate Service (Taxpayer Advocate) letter dated June 14, 2022, which recommended the filing of an offer-in-compromise.  Mr. Aiello stated in his petition that this suggestion would not resolve the issue of improper crediting of payments.

In the answer, the Commissioner asserted that the Court lacked jurisdiction because the petition was untimely and that Mr. Aiello had failed to allege facts supporting equitable tolling.  The Court thereafter held an evidentiary hearing at which Mr. Aiello appeared and was given an opportunity to testify as to these issues.[4]

## *Discussion*

Like all federal courts, this Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute.  I.R.C. § 7442; *Breman v. Commissioner*, 66 T.C. 61, 66 (1976).  In the normal course, under section 6330(d)(1), a taxpayer

---

[3] Although Mr. Aiello's petition referenced his 2014 tax year, we previously dismissed the case as it relates to that year because he failed to show any notice of deficiency or notice of determination sufficient to confer jurisdiction on the Court.

[4] During the hearing, counsel for the Commissioner clarified that he was not seeking dismissal for lack of jurisdiction but believed that the appropriate motion was summary judgment on the pleadings.  We will recharacterize this request as an oral motion to dismiss for failure to state a claim upon which relief can be granted.  *See Reed v. Commissioner*, T.C. Memo. 2025-4, at *1 & n.1.

[*4] may petition this Court to review a notice of determination concerning a collection action under section 6320 or 6330 within 30 days of such a determination.

The 30-day deadline for filing such a petition is a procedural requirement that is not jurisdictional. *Boechler, P.C. v. Commissioner*, 142 U.S. 1493 (2022). This Court thus has the authority to consider a late-filed petition in a CDP case where the Commissioner raised the issue of timeliness, provided that the taxpayer shows an entitlement to equitable tolling. *Id.* at 1501; *see also Reed*, T.C. Memo. 2025-4, at *3–4; *Shaw v. Commissioner*, T.C. Memo. 2024-48, at *3–4. To be entitled to equitable tolling, a taxpayer must establish that he pursued his rights diligently and that extraordinary circumstances outside his control prevented him from filing on time. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016); *see also Belagio Fine Jewelry, Inc. v. Commissioner*, No. 35762-21, 164 T.C., slip op. at 9–11 (Apr. 15, 2025) (considering equitable tolling requirements in the context of a petition for redetermination of employment status). "The 'heavy burden' of establishing entitlement to equitable tolling rests on the [taxpayer]." *Vázquez-Rivera v. Figueroa*, 759 F.3d 44, 50 (1st Cir. 2014) (quoting *Farris v. Shinseki*, 660 F.3d 557, 563 (1st Cir. 2011)).

The record shows that the petition was not timely filed. The Appeals Office issued the notice of determination by certified mail on March 7, 2022, and Mr. Aiello does not contest that he received it two days later. The 30-day period prescribed by section 6330(d)(1) thus expired on April 6, 2022. This Court did not receive Mr. Aiello's petition until October 17, 2022, plainly outside the statutory deadline.

Mr. Aiello has not met his burden to show his entitlement to equitable tolling. As an initial matter, "[e]quitable tolling is a rare remedy, and the burden is on Mr. [Aiello] to show that he 'diligently pursued his rights for the entire period he seeks tolled, not merely once he discover[ed] the underlying circumstances warranting tolling.'" *See Quiroa-Motta v. Garland*, 993 F.3d 25, 27 (1st Cir. 2021) (quoting *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010)).

Mr. Aiello argues that he diligently pursued his rights by sending his Tax Court petition to the Appeals officer. But the notice of determination explicitly told him that he needed to file that document with this Court. *See Young v. SEC*, 956 F.3d 650, 656 (D.C. Cir. 2020) ("Every circuit that has considered the question before us has held that filing an action in a state court or federal agency that clearly lacks

**[\*5]** jurisdiction over the action does not toll the time for filing in federal court."). Even assuming arguendo that sending his petition to the Appeals officer might represent an attempt to pursue his rights, Mr. Aiello has not shown that he continued to diligently pursue his rights in the six months between the Appeals officer's return of his petition and filing fee check (on April 1, 2022) and the filing of his petition in this Court (on October 17, 2022). In fact, Mr. Aiello fails to show that he took any action on this matter whatsoever in the nearly four months that followed the issuance of the June Taxpayer Advocate letter.

Nor has Mr. Aiello demonstrated any extraordinary circumstance that stood in the way of timely filing. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Martin v. Somerset Cnty.*, 86 F.4th 938, 944 (1st Cir. 2023). "'[G]arden variety claim[s] of excusable neglect,' . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline," are not enough. *Holland*, 560 U.S. at 651–52 (first quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); and then quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Belagio*, 164 T.C., slip op. at 10. Although Mr. Aiello faced significant medical problems beginning in 2014, these problems had resolved by 2019 (according to both Mr. Aiello and his doctor) and played no part in his tardy filing. And when given the opportunity during the evidentiary hearing to identify any other extraordinary circumstance that might explain the delay, Mr. Aiello stated: "Nothing stands out in my mind."[5]

In summary, Mr. Aiello has satisfied neither of the requirements for equitable tolling. We will therefore dismiss his case for failure to state a claim upon which relief can be granted.

In view of the foregoing,

*An appropriate order of dismissal will be entered.*

---

[5] Amicus curiae notes that the U.S. Court of Appeals for the First Circuit has left open the possibility that certain circumstances, such as actions by a defendant to hamper the bringing of a suit, might justify equitable tolling. *See Martin*, 86 F.4th at 945. The undisputed record before us does not implicate any of the concerns contemplated by the First Circuit.