**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 24-1472**

―――――――――――

PETER HORACE TERRELONGE,

        Petitioner,

     v.

PAMELA JO BONDI, Attorney General,

        Respondent.

―――――――――――

On Petition for Review of an Order of the Board of Immigration Appeals.

―――――――――――

Submitted:  May 13, 2025                                          Decided:  May 29, 2025

―――――――――――

Before KING, WYNN, and QUATTLEBAUM, Circuit Judges.

―――――――――――

Petition denied by unpublished per curiam opinion.

―――――――――――

Peter Horace Terrelonge, Petitioner Pro Se.  Todd J. Cochran, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter Horace Terrelonge, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals denying Terrelonge's motion to reopen his original removal proceedings, which resulted in Terrelonge's removal to Jamaica in 2006. In August 2023, border patrol authorities caught Terrelonge illegally reentering the United States, after which the Department of Homeland Security reinstated the prior order of removal ("Reinstatement Order"). Terrelonge sought to reopen the removal proceedings underlying the Reinstatement Order. The Board denied reopening, ruling that 8 U.S.C. § 1231(a)(5) precluded consideration of such a motion. This petition for review timely followed.

We review a decision denying reopening for abuse of discretion and will grant the petition only if the Board's "decision is arbitrary, capricious, or contrary to law." *Garcia Hernandez v. Garland*, 27 F.4th 263, 266 (4th Cir. 2022). We have considered Terrelonge's claims, in conjunction with the administrative record and relevant authorities, and discern no abuse of discretion in the Board's decision.[*] *See Garcia Sarmiento v. Garland*, 45 F.4th 560, 564 (1st Cir. 2022) (collecting cases and ruling, consistent with the Board's holding here, that "persons subject to reinstated removal orders following unlawful reentry are barred from reopening their orders of removal"); *see also Tarango-Delgado v. Garland*, 19 F.4th 1233, 1239 (10th Cir. 2021) ("In short, § 1231(a)(5) means what it says.

---

[*] Because we considered—and rejected—Terrelonge's assertion that he was not properly served the Reinstatement Order in conjunction with his petition for review in No. 24-1093, *Terrelonge v. Garland*, we decline to revisit that contention here.

2

And because Tarango-Delgado reentered the United States illegally after having been removed, his prior removal order was reinstated from its original date and is not subject to being reopened." (internal quotation marks omitted)); *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354 (5th Cir. 2018) (reviewing the Board's interpretation of § 1231(a)(5) de novo, agreeing that it "deprived the [Board] of authority to reopen" noncitizen's prior removal proceedings, and holding that the statute's "language operates as a mandatory directive to the [Board], preventing it from granting the relief Rodriguez-Saragosa sought" (internal quotation marks omitted)).  Accordingly, we deny Terrelonge's motion to appoint counsel and deny the petition for review.  *See In re Terrelonge* (B.I.A. Apr. 23, 2024).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*