**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1678**

NAPOLEON GARCIA HERNANDEZ,

              Petitioner,

       v.

MERRICK B. GARLAND, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 28, 2022                    Decided: March 2, 2022

Before MOTZ, THACKER, and QUATTLEBAUM, Circuit Judges.

Petition for review granted; vacated and remanded by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Motz and Judge Thacker joined.

**ON BRIEF:** Benjamin J. Osorio, Alexandra Ribe, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Brendan P. Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

QUATTLEBAUM, Circuit Judge:

Napoleon Garcia Hernandez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") denial of his motion to reopen removal proceedings. For the reasons below, we grant the petition and vacate and remand to the BIA for further proceedings consistent with this opinion.

I.

In 2005, Garcia Hernandez entered the United States without inspection. A.R. 608, 762. In May 2018, the Department of Homeland Security began removal proceedings against Garcia Hernandez. A.R. 762–63. In June 2018, Garcia Hernandez conceded removability but applied for asylum, withholding and protection under the Convention Against Torture ("CAT"). A.R. 608–19. Garcia Hernandez claimed past persecution on account of being a member of the Garcia Hernandez family. He alleged the Lopez family had attacked and killed many members of his family. A.R. 42, 612. In August 2018, the IJ denied Garcia Hernandez's application for asylum as untimely based on the requirement of 8 U.S.C. § 1158(a)(2)(B) that asylum claims be made within one year of arrival in the United States. But the IJ granted his application for withholding of removal. A.R. 606.

In October 2018, Garcia Hernandez moved to reopen the removal proceedings. He again requested asylum, relying on evidence of recent attacks on his family. A.R. 46. Specifically, Garcia Hernandez relied on the September 1, 2018, violent murder of his brother Adonay Garcia Hernandez by the Lopez family. A.R. 47, 61. Garcia Hernandez

2

argued that this murder constituted a changed circumstance which satisfied an exception to the one-year filing deadline for asylum under our decision in *Zambrano v. Sessions*, 878 F.3d 84 (4th Cir. 2017). A.R. 47, 64.

In November 2018, the IJ denied the motion to reopen. The IJ acknowledged that the September 2018 murder was a "new instance of persecution against the Respondent's family." A.R. 43. But the IJ held the incident did not constitute "*changed* country conditions," and instead reflected a long-standing pattern of persecution against Garcia Hernandez's family. A.R. 43 (emphasis in original). The IJ also concluded that while *Zambrano* provided an exception to the one-year deadline for asylum claims based on changed circumstances, it applied only when the changed circumstances occurred after the one-year filing deadline expired but before the asylum application was filed. A.R. 43. Thus, the IJ held that *Zambrano* did not apply to Garcia Hernandez's case because, by the time of the September 2018 murder, he had applied for asylum and the IJ had entered a final order denying relief. A.R. 43.

After Garcia Hernandez appealed the IJ's decision, the BIA, in a single-member, non-precedential decision, dismissed the appeal and affirmed the IJ's determination about the untimely asylum application. A.R. 4–5. The BIA concluded that Garcia Hernandez had not sufficiently demonstrated that his brother's murder represented a material change in country conditions that would affect his eligibility for asylum. A.R. 4. Instead, the BIA determined that the September 2018 murder represented a continuation of the conditions Garcia Hernandez advanced in his original application. A.R. 4. In reaching that decision, the BIA rejected Garcia Hernandez's reliance on *Zambrano*, explaining that the exception

3

to the one-year asylum deadline available under that case does not apply when the changed conditions take place after an asylum application has been filed and adjudicated. A.R. 4.

Garcia Hernandez timely petitioned our Court for review. Following that, the Attorney General moved to remand the matter to the BIA, but we denied that motion. We have jurisdiction to address the petition under 8 U.S.C. § 1252(a).[*]

## II.

In his petition for review, Garcia Hernandez first argues that the BIA erred by analyzing the motion to reopen his asylum application under the wrong standard. We review a denial of a motion to reopen for abuse of discretion. *Sadhavani v. Holder*, 596 F.3d 180, 182 (4th Cir. 2009). We grant a petition for review only if the BIA's decision is arbitrary, capricious, or contrary to law. *Nken v. Holder*, 585 F.3d 818, 821 (4th Cir. 2009).

---

[*] "The courts of appeals are granted jurisdiction to review final orders of removal . . . , and final orders . . . are generally made by the BIA following appeal from the decision of the IJ." *Martinez v. Holder*, 740 F.3d 902, 908 (4th Cir. 2014). "Situations may arise when it is appropriate for this Court to review an IJ's opinion, such as when the BIA adopts the IJ's decision without an opinion of its own, . . . or when the BIA adopts the IJ's opinion and supplements it with additional reasoning . . . ." *Id.* When the "BIA issued its own opinion without adopting the IJ's opinion," the BIA's decision "constitutes the final order of removal, and accordingly we review that opinion and not the opinion of the IJ." *Id.* "When, as here, the BIA affirms the IJ's decision with an opinion of its own, we review both decisions." *Salgado-Sosa v. Sessions*, 882 F.3d 451, 456 (4th Cir. 2018); *see also Qing Hua Lin v. Holder*, 736 F.3d 343, 350 (4th Cir. 2013). "In such instances, we limit our consideration of the IJ's opinion to the portions that have been adopted and incorporated into the Board's decision." *Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021). We review factual findings for substantial evidence and legal conclusions de novo. *Cordova v. Holder*, 759 F.3d 332, 337 (4th Cir. 2014). This Court is "obliged to uphold the BIA's determinations unless they are manifestly contrary to the law and an abuse of discretion." *Tairou v. Whitaker*, 909 F.3d 702, 706 (4th Cir. 2018) (quoting *Djadjou v. Holder*, 662 F.3d 265, 273 (4th Cir. 2011)).

Of note, 8 C.F.R. § 1003.23(b)(1) required a petitioner to move to reopen within 90 days of the entry of a final administrative order of removal. Along with the 90-day time limitation, § 1003.23(b)(3) required that the IJ be satisfied that the petitioner presented material evidence that "was not available and could not have been discovered or presented at the former hearing" before granting the motion. 8 C.F.R. § 1003.23(b)(3).

The regulation also provides some exceptions to the 90-day deadline. Under § 1003.23(b)(4)(i), the 90-day filing deadline does not apply if the basis for the motion is to apply for asylum, withholding of removal, or withholding under the CAT and is based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." *Id.* § 1003.23(b)(4)(i).

In other words, a motion filed after the 90-day period seeking relief from removal requires the petitioner to present evidence of changed country conditions in the country of nationality that is material and could not have been previously discovered or presented. But an IJ can grant a motion to reopen filed within 90 days of the final administrative order of removal upon the petitioner's presentation of any material evidence that could not have previously been discovered or presented.

Garcia Hernandez's motion to reopen should have been considered under § 1003.23(b)(3), not § 1003.23(b)(4). He was ordered removed and denied asylum on August 23, 2018. He moved to reopen on October 9, 2018. A.R. 3, 45, 606. Thus, Garcia Hernandez filed his motion within 90 days of the final hearing, in which case § 1003.23(b)(3) applies instead of § 1003.23(b)(4).

5

The BIA "affirm[ed] the Immigration Judge's decision to deny reopening because the respondent has not sufficiently demonstrated that his brother's murder represents a material change in country conditions that would affect his eligibility for asylum." A.R. 4. As we noted above, while (b)(4) requires "changed country conditions," (b)(3)does not. Thus, the BIA's reference to a "material change in country conditions" and the analysis that followed shows that the BIA applied § 1003.23(b)(4). *See* A.R. 4. In applying the standard of § 1003.23(b)(4) to a timely filed motion, the BIA acted contrary to law.

But we must also consider a footnote in the BIA's decision which states: "We do not reach the respondent's arguments regarding whether the Immigration Judge erred in analyzing his motion to reopen under the standards set forth in 8 C.F.R. § 1003.23(b)(3), as he did not satisfy the general motion to reopen standards pursuant to 8 C.F.R. § 1003.23(b)(3)." A.R. 4 n.1. It appears the BIA's first reference to 8 C.F.R. § 1003.23(b)(3) in the footnote was intended to refer to 8 C.F.R. § 1003.23(b)(4). Here, the BIA may have been attempting to explain that even if the IJ applied the wrong standard (§ 1003.23(b)(4)) for motions filed after the 90-day deadline by focusing on changed country conditions, Garcia Hernandez failed to meet the standard for motions filed within the 90-day period (§ 1003.23(b)(3)). Even giving the BIA the benefit of this reading, there are two problems with the BIA's conclusion. First, the BIA does not explain how or why Garcia Hernandez fails to meet that standard. And the BIA "abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim." *Hussain v. Gonzales*, 477 F.3d 153, 155 (4th Cir. 2007) (internal quotation marks omitted). Second, despite suggesting it was not reaching Garcia

6

Hernandez's argument, the BIA proceeded to perpetuate the same error by itself focusing on changed country conditions.

The question for the BIA to consider in evaluating Garcia Hernandez's motion to reopen was whether Garcia Hernandez offered, in the proper from and with the appropriate contents, evidence that was material and not previously available at the initial hearing. 8 C.F.R. § 1003.23(b)(3). Because the BIA did not analyze that question, and instead evaluated the issue under § 1003.23(b)(4), the BIA abused its discretion.

III.

Garcia Hernandez's second argument relates to his asylum petition. He argues that the BIA erred in concluding that his brother's murder was not material and would not have altered the outcome of his removal proceeding. Garcia Hernandez contends the murder was a changed circumstance that should have excused his untimely asylum application under 8 U.S.C. § 1158(a)(2)(D). Garcia Hernandez argues that, under our *Zambrano* decision, continuation of the same type of persecution previously encountered can satisfy the "changed circumstances" requirement.

Although we generally do not have jurisdiction to review discretionary determinations that an applicant for asylum failed to establish changed circumstances, we do have jurisdiction when an appeal presents a constitutional claim or a question of law. *Salgado-Sosa v. Sessions*, 882 F.3d 451, 459 (4th Cir. 2018). We review the question of law presented here de novo. *Id*. at 456.

7

An application for asylum must be filed within one year of the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Additionally, an alien cannot file a successive asylum application after having a previous application denied. *Id.* § 1158(a)(2)(C). That said, "[a]n application for asylum of an alien may be considered, notwithstanding subparagraphs (B) and (C), if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)." *Id.* § 1158(a)(2)(D). Garcia Hernandez argues that, under § 1158(a)(2)(D), the murder of his brother constitutes changed circumstances which materially affect his eligibility for asylum. He insists that the BIA and IJ ignored the murder even though it was a new instance of persecution.

Garcia Hernandez relies on *Zambrano* as support for his changed circumstances argument. There, the petitioner entered the United States in 2012. Therefore, the one-year deadline for an asylum application would have expired sometime in 2013. The petitioner argued, however, that the new and more severe attacks on his family that occurred in 2014 represented changed circumstances that should be considered in evaluating his eligibility for asylum. Thus, we considered "whether facts that provide additional proof in support of a pre-existing asylum claim can satisfy the changed circumstances exception to the one-year filing deadline." *Zambrano*, 878 F.3d at 87–88. We first held that the asylum application deadline is "flexible if the alien can show 'the existence of changed circumstances which materially affect the applicant's eligibility for asylum.'" *Id*. at 86 (quoting 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D)). We then concluded that the changed

8

circumstances exception could apply even if the petitioner could have been eligible for asylum before the new information. *See id.* at 88. Explaining further, we held that "[n]ew facts that provide additional support for a pre-existing asylum claim can constitute a changed circumstance. These facts may include circumstances that show an intensification of a preexisting threat of persecution or new instances of persecution of the same kind suffered in the past." *Id.* Garcia Hernandez contends the September 2018 murder of his brother falls within the type of changed circumstances discussed in *Zambrano*.

The BIA held that *Zambrano* did not apply because the changed circumstances there took place before the petitioner filed a time-barred petition even though here, the purported changed circumstances took place after the time-barred petition was filed and adjudicated. But nothing in *Zambrano* suggests its holding or reasoning was limited in the way the BIA suggests. Thus, *Zambrano*'s framework in examining changed circumstances should have been applied to Garcia Hernandez's asylum application.

IV.

For the reasons described above, we grant Garcia Hernandez's petition for review. We vacate and remand with instructions to the BIA to consider Garcia Hernandez's motion to reopen under the appropriate standard. The BIA should also address Garcia Hernandez's asylum application under the framework of *Zambrano* and conduct any further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal

9

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*PETITION FOR REVIEW GRANTED; VACATED AND REMANDED*