**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-2049**

---

MARIA CHAVALAN-SUT,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  June 25, 2024                                    Decided:  July 12, 2024

---

Before KING, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:**  Alina Marie Kilpatrick, SUDESTE IMMIGRATION LAWYERS PLLC, Richmond, Virginia, for Petitioner.  Brian Boynton, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Chavalan-Sut, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's ("IJ") decision denying her second motion to reopen seeking to rescind her in absentia order of removal. We have reviewed the record and the IJ's decision and conclude that the Board did not abuse its discretion in dismissing the appeal. *See Garcia Hernandez v. Garland*, 27 F.4th 263, 266 (4th Cir. 2022) (stating standard of review). Chavalan-Sut's contention that the IJ did not have authority to order her removed in absentia because the notice to appear did not indicate the time and place for the removal proceedings is without merit. *See Cedillos-Cedillos v. Barr*, 962 F.3d 817, 823 (4th Cir. 2020) (noting that requirement that notice to appear include time and date of proceedings is not jurisdictional).

That leaves Chavalan-Sut's contention that she was denied due process because she did not receive the notice at all. She does not dispute that the notice was sent to her last known address and was not returned as undeliverable. She must therefore rebut the "presumption of effective delivery" we afford the agency. *Nibagwire v. Gonzales*, 450 F.3d 153, 156 (4th Cir. 2006). Because she has failed to do so, we reject her constitutional argument as well.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2