**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 23-2092**

─────────

JUAN CARLOS ALBERTO CEA-CAMPOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

─────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────

Submitted:  September 4, 2024                    Decided:  October 4, 2024

─────────

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

─────────

Petition denied by unpublished per curiam opinion.

─────────

**ON BRIEF:**  Daniel Joseph Melo, CAPITAL AREA IMMIGRANTS' RIGHTS (CAIR) COALITION, Washington, D.C., for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Alberto Cea-Campos, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") decision denying his application for deferral of removal under the Convention Against Torture ("CAT"). We deny the petition for review.

To be granted deferral of removal under the CAT, Cea-Campos must demonstrate that he is more likely than not to be tortured if he returns to El Salvador. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17 (2024). "Torture" is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" in a manner that is "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2024); *see Joshi v. Garland*, -- F.4th --, --, 2024 WL 3710511, at *10 (4th Cir. Aug. 8, 2024). However, "not every instance of violence will qualify" as torture. *Del Carmen Amaya-De Sicaran v. Barr*, 979 F.3d 210, 218 (4th Cir. 2020). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). "The official or officials need not have actual knowledge of the torture; it is enough if they simply 'turn a blind eye' to it." *Mulyani v. Holder*, 771 F.3d 190, 200 (4th Cir. 2014) (quoting *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 245-47 (4th Cir. 2013)). The likelihood of torture need not be linked to a protected ground. *Zelaya v. Holder*, 668 F.3d 159, 167 (4th Cir. 2012). But the

2

applicant must show that he or she "will be *tortured*, not merely threatened." *Ortez-Cruz v. Barr*, 951 F.3d 190, 202 (4th Cir. 2020) (emphasis in original).

In assessing a claim for CAT protection, the agency shall consider "'all evidence relevant to the possibility of future torture,' including '[e]vidence of past torture,' '[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured,' and '[e]vidence of gross, flagrant, or mass violations of human rights in the country of removal.'" *See Gomez-Ruotolo v. Garland*, 96 F.4th 670, 685 (4th Cir. 2024) (quoting 8 C.F.R. § 1208.16(c)(3)). Evidence of past torture does not create a presumption of future torture. *Suarez-Valenzuela*, 714 F.3d at 245.

We review the denial of relief under the CAT for substantial evidence, and "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). The relevant legal determinations, however, are subject to de novo review. *Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012). We can reverse the Board's decision only if the evidence "was so compelling that no reasonable factfinder could fail to find" the requisite likelihood of torture and government acquiescence. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). "The Board's removal 'decisions must remain undisturbed if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Tang v. Lynch*, 840 F.3d 176, 180 (4th Cir. 2016) (quoting *Tassi v. Holder*, 660 F.3d 710, 719 (4th Cir. 2011)). "We may not reweigh the evidence." *Id.*

3

When the applicant seeks CAT protection based upon a risk of torture from several entities, as in this case, the agency must first determine the likelihood of torture by each entity. *Lopez-Soto v. Garland*, 103 F.4th 242, 254 (4th Cir. 2024). "[T]he risks of torture from all sources should be combined when determining whether a CAT applicant is more likely than not to be tortured in a particular country." *Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 973 (4th Cir. 2019). "There is nothing in the regulations, agency guidance, or our precedents that require the IJ to employ any specific methodology when considering and aggregating the likelihood of risk from multiple entities, nor do they require any specific statistical or quantitative analysis when evaluating the 'more likely than not' standard in the regulations." *Ibarra Chevez v. Garland*, 31 F.4th 279, 290 (4th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2), (c)(3)).

When, as here, the Board affirms the IJ's decision with an opinion of its own, we review both decisions. *Ortez-Cruz*, 951 F.3d at 197. We will limit review of the IJ's decision to those portions adopted and incorporated by the Board in its decision. *Garcia Hernandez v. Garland*, 27 F.4th 263, 266 n.* (4th Cir. 2022).

We conclude that substantial evidence supports the agency's finding that Cea-Campos did not show that he will be targeted for intentional torture if he is detained in El Salvador. The evidence does not compel a finding that the Salvadoran government is likely to torture him. We also conclude that the agency did not ignore relevant documentary evidence. We note that Cea-Campos does not challenge with compelling evidence the IJ's finding that documentary evidence showed only a small percentage of inmates being tortured. We also conclude that there is no evidence that the Board engaged in any

4

impermissible factfinding.  We further conclude that the agency sufficiently aggregated the risk of torture by the relevant three entities and there was no error in this regard.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*PETITION DENIED*