**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-2184**

AGUSTIN VILLAGRANA-FERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 10, 2024                    Decided:  October 15, 2024

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Jeremy L. McKinney, MCKINNEY IMMIGRATION LAW, Greensboro, North Carolina, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, Spencer S. Shucard, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Agustin Villagrana-Fernandez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen. Upon review of the parties' arguments, considered in conjunction with the administrative record and the relevant authorities, we conclude that the Board did not abuse its discretion in denying the motion. *See Garcia Hernandez v. Garland*, 27 F.4th 263, 266 (4th Cir. 2022) (providing standard of review and noting that the Board's ruling on a motion to reopen will be disturbed only if it "is arbitrary, capricious, or contrary to law").

Specifically, Villagrana-Fernandez sought reopening to challenge the agency's authority to conduct his removal proceedings based on the Department of Homeland Security's (DHS) failure to identify the date, time, and place of Villagrana-Fernandez's initial hearing in the charging Notice to Appear (NTA). However, as the Board explained, such a contention is foreclosed by Board precedent, *see In re Arambula-Bravo*, 28 I. & N. Dec. 388, 389 (B.I.A. 2021) (rejecting noncitizen's argument "that the Immigration Court lacked jurisdiction over her removal proceedings . . . because she was served with an NTA that did not include the time and place of her initial removal hearing"), which is consistent with this court's rulings on the issue, *see United States v. Cortez*, 930 F.3d 350, 358-66 (4th Cir. 2019) (holding that an NTA's failure to include the date or time of the hearing does not implicate the immigration court's jurisdiction or adjudicative authority); *see also United States v. Vasquez Flores*, No. 19-4190, 2021 WL 3615366, at *2 n.3 (4th Cir. Aug. 16, 2021) (argued but unpublished) (reaffirming *Cortez* after considering *Niz-Chavez v. Garland*, 593 U.S. 155 (2021)). Nor do we discern any abuse of discretion in the Board's

2

other rulings, including that (a) by raising it for the first time in a motion to reopen, Villagrana-Fernandez forfeited the argument that reopening was warranted because DHS's failure to comply with the statutory notice requirements violated the agency's claim-processing rules, *see In re Nchifor*, 28 I. & N. Dec. 585 (B.I.A. 2022); *accord Amador-Morales v. Garland*, 94 F.4th 701, 703-04 (8th Cir. 2024) (affirming *In re Nchifor*, as well as *In re Fernandes*, 28 I. & N. Dec. 605, 608 (B.I.A. 2022), in which the Board held that "the time and place requirement . . . is a claim-processing rule, not a jurisdictional requirement"); and (b) *Niz-Chavez* was not operative in this case given that Villagrana-Fernandez's underlying application for cancellation of removal was denied for reasons unrelated to the 10-year continuous physical presence requirement, *see* 8 U.S.C. § 1229b(b)(1)(A).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Villagrana-Fernandez* (B.I.A. Oct. 13, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3