# United States Court of Appeals
## For the First Circuit

No. 19-1622

UNITED STATES OF AMERICA,

Appellee,

v.

JORGE L. MIRANDA-CARMONA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lipez, Kayatta, and Barron,
Circuit Judges.

José Luis Novas Debién, for appellant.
David C. Bornstein, Assistant United States Attorney, with
whom W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-
Almonte, Assistant United States Attorney, Chief, Appellate
Division, and Thomas F. Klumper, Assistant United States Attorney,
Senior Appellate Counsel, were on brief, for appellee.

June 10, 2021

**BARRON**, **Circuit Judge**.    Jorge  L.  Miranda-Carmona ("Miranda") challenges his 84-month prison sentence for possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a).  He bases this challenge on what he contends was the District Court's error in applying the "intervening arrest" rule in § 4A1.2(a)(2) of the United States Sentencing Guidelines ("Guidelines") when determining his criminal history category. Because we agree with the government that Miranda invited any error on that score, we affirm.

**I.**

On  December  20,  2017,  a  federal  grand  jury  in  the District of Puerto Rico returned a six-count indictment against Miranda.  Miranda pleaded guilty pursuant to a plea agreement on January 31, 2019 to Count One of the indictment.  That count charged him with possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a).  The remaining five counts were later dismissed.

Following the guilty plea, the United States Probation Office prepared a presentence investigation report ("PSR").[1]  The PSR assigned Miranda a criminal history score of 11 under the

---

[1] We  refer  here  to  an  amended  version  of  the  PSR  that  was finalized on May 30, 2019, which was materially identical to a previously amended version of the PSR that was finalized on April 22, 2019.

Guidelines. That score translated to a criminal history category of V. See U.S.S.G. ch. 5, pt. A (sentencing table).

To calculate Miranda's criminal history score, the PSR relied in part on § 4A1.1(a) of the Guidelines. That guideline provides that 3 criminal history points are to be assigned to a defendant "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Based on that guideline, the PSR assigned 3 of the 11 points it assigned to Miranda based on his prison sentence of one year and nine months for his June 4, 2013 Puerto Rico conviction of one count of domestic abuse in the fourth degree that stemmed from his December 16, 2012 violation of Article 3.1 of Puerto Rico Domestic Violence Law 54, P.R. Laws Ann. tit. 8, § 631. The PSR then assigned another 3 of the 11 points that it assigned to Miranda based on his concurrent prison sentence of one year and nine months for his June 4, 2013 Puerto Rico conviction of one count of violating a protective order that stemmed from his January 10, 2013 violation of Article 3.1 of Puerto Rico Domestic Violence Law 54.[2]

Miranda thereafter submitted a written objection to the PSR. He contended in it that the PSR, in calculating his criminal history score, wrongly assigned a total of 6 points based on the

[2] The information charging Miranda with this protective order offense referred to it as a violation of "Article 2.8 of Law 54," but his judgment of conviction indicated that this offense had been "reclassified" as a violation of Article 3.1.

concurrent sentences imposed for these two prior convictions, when it should only have assigned a total of 3 points as a result of those sentences. Miranda relied for that contention on § 4A1.2(a)(2) of the Guidelines. That guideline provides that, for purposes of § 4A1.1(a), "sentences . . . imposed on the same day" should be treated "as a single sentence" <u>unless</u> "the sentences were imposed for offenses that were separated by an intervening arrest," and that offenses are "separated by an intervening arrest" when "the defendant is arrested for the first offense prior to committing the second offense." U.S.S.G. § 4A1.2(a)(2).

Miranda did not dispute in his written objection to the PSR that he had received concurrent sentences "exceeding one year and one month," <u>id.</u> § 4A1.1(a), for each of the two convictions at issue. But, he contended, the concurrent sentences for those two convictions had been imposed on the same day, June 4, 2013, and "there was no intervening arrest" between the date that he committed the domestic abuse offense underlying the first conviction (December 16, 2012) and the date that he committed the protective order offense underlying the second conviction (January 10, 2013). In fact, Miranda asserted in his written objection to the PSR that he had not been arrested for either the domestic abuse offense or the protective order offense. Accordingly, he contended, he could not be assigned 3 criminal history points for each of these concurrent sentences. <u>See</u> <u>U.S.S.G.</u> § 4A1.2(a)(2)

- 4 -

("For purposes of applying § 4A1.1(a) . . . if prior sentences are treated as a single sentence, use [only] the longest sentence of imprisonment if concurrent sentences were imposed.").

Miranda did acknowledge in pressing this contention that a criminal "complaint[] was filed against him" and a "protective order was imposed" after, "[o]n December 16, 2012, [he] was involved in a domestic dispute with his then partner." But, he contended, no "arrest" within the meaning of the guideline had taken place, as "he was brought to court without an arrest warrant" after he committed the domestic abuse offense. Furthermore, Miranda argued, even though "[o]n January 10, 2013, [he] sent his partner a letter, which was in violation of the protective order," and an "additional charge was brought against him on January 23, 2013 for the letter" after which "Miranda appeared in court and bail was set," "again no arrest was ordered or conducted" after he committed the protective order offense.

A sentencing hearing was then held on May 2, 2019. In advance of that hearing, the Probation Office filed an addendum to the PSR that contained a response to Miranda's written objection to it. The addendum stated that although "[o]n December 16, 2012, Mr. Miranda was brought [to court] without an arrest warrant," he was nevertheless "arrested by law enforcement (without a warrant)" as he was "Mirandized and appeared before a judge who determined probable cause for his arrest." Subsequently, the addendum stated,

"[o]n January 10, 2013, [Miranda] engaged in the conduct" underlying the second offense and "[a]gain, Mr. Miranda was taken into custody without an arrest warrant and later appeared before a judge." The addendum then concluded that Miranda "was arrested for purposes of USSG § 4A1.2(a)(2), prior to engaging in the second offense," and, "[c]onsequently, his criminal history score was correctly calculated at eleven (11)."

During the May 2, 2019 sentencing proceeding, Miranda's counsel[3] once again asserted that Miranda had not been arrested in connection with either of the offenses underlying the two convictions that resulted in the concurrent sentences and thus that the intervening arrest rule in § 4A1.2(a)(2) did not apply. Accordingly, Miranda's counsel once again argued, only a total of 3 criminal history points could be assigned to Miranda on account of the concurrent prison sentences imposed on the same day for the convictions he received for those two offenses.

But, during this same sentencing proceeding, Miranda's counsel also appeared to suggest that the relevant question for purposes of applying the intervening arrest rule in this guideline in his case was not whether there had been any arrest in connection with the first offense but whether Miranda was arrested after committing the second offense. In particular, although Miranda's

_____

[3] We note that Miranda's counsel on appeal is not the same attorney who represented Miranda before the District Court.

counsel first asserted at this sentencing proceeding that Miranda was "not arrested" in connection with the "domestic dispute" that occurred on December 16, 2012, his counsel subsequently acknowledged upon questioning by the District Court that, after this "domestic dispute," Miranda "was Mirandized, and he went through [a judicial probable cause determination,] and he was placed on bond." Miranda's counsel then continued: "if you take a look at the [second offense involving the protective order violation] where [Miranda] . . . wrote a letter, he is actually -- his address is listed as at Bayamón," a correctional facility in Puerto Rico -- which meant, counsel argued, that Miranda "was actually in custody when the letter was written and then [he was] brought [into court]. That doesn't constitute an arrest under [§] 4A1.2(a)(2)."

At that point during the hearing, the District Court interjected: "Isn't the first arrest the intervening arrest?" Miranda's counsel responded: "No, no, no. [There's an intervening arrest] only if, like, . . . let's say you sell drugs, you are given bond, you are out on bond and then they arrest you for selling drugs again. . . . But if you look at the documents here, it says that . . . he was detained at [the] Bayamón" correctional facility when he committed the second offense and "that he was brought without an arrest warrant to the court" after he was charged with committing it.

- 7 -

The District Court then decided to continue the sentencing hearing so that it could review additional documents related to Miranda's prior convictions that had not yet been translated into English. The District Court also stated: "I think I will be in a better position to see what it is that [Miranda's counsel is] arguing . . . once I take a look at the documents and listen to" further argument from Miranda's counsel as well as from "the government -- [as] the government hasn't argued yet."

When the sentencing proceeding resumed on May 29, 2019, Miranda's counsel contended for the first time that Miranda had, in fact, been arrested for the first offense -- involving domestic abuse -- on the same day that he had committed it (December 16, 2012). Specifically, Miranda's counsel stated at the reconvened hearing: "Miranda had a domestic violence incident with his ex-partner . . . . On December 16th, 2012, he is arrested. He is taken to Bayamón where he is in custody." (emphasis added). But, Miranda's counsel proceeded to argue that Miranda could not have been "arrested" for the second offense involving the protective order violation:

> He is incarcerated in Bayamón, and then he writes his wife a letter . . . about three weeks later on January 10th, 2013. He wasn't supposed to communicate with his wife. So they bring him for -- to state court without an arrest warrant. It seems that the state marshals bring him. . . . [T]he fact that the marshals bring someone to court does not necessarily constitute an arrest for purposes

- 8 -

of [§] 4A1.2. . . . <u>It's not a restraint on his liberty. He was already restrained. He was already incarcerated. . . . So we would say that, Your Honor, this is not an intervening arrest. This is just the way things are processed at the state court, given the way he was incarcerated.</u>

(emphasis added).

Thus, Miranda's counsel contended, because Miranda had not been "arrested" for the second offense, the concurrent one-year-and-nine-month prison sentences that had been imposed on the same day for each of the convictions resulting from these offenses should be "counted as a single sentence for a total of 3 points."

The District Court rejected Miranda's contention and determined that there was an "intervening arrest" separating the offense underlying the domestic abuse conviction and the offense underlying the protective order conviction for purposes of § 4A1.2(a)(2). The District Court then counted the concurrent one-year-and-nine-month prison sentences that Miranda had received separately for purposes of § 4A1.1(a), which led it to agree with the PSR's determination that a total of 6 rather than 3 points should be assigned to Miranda for those sentences and thus to agree that his criminal history points totaled 11 rather than 8, such that his criminal history category was V rather than IV.

The District Court at that point proceeded to calculate Miranda's total offense level, which it determined was 23. Having determined that Miranda's criminal history category was V, the

District Court calculated Miranda's Guidelines Sentencing Range to be 84 to 105 months of imprisonment.

The District Court acknowledged that, pursuant to the plea agreement, both the government and Miranda were recommending a statutory-minimum sentence of 60 months' imprisonment. The District Court determined, however, that the parties' recommended sentence "does not reflect the seriousness of the offense, does not promote respect for the law, does not protect the public from further crimes by Mr. Miranda, and does not address the issues of deterrence and punishment." The District Court then imposed an 84-month prison sentence to be followed by 5 years of supervised release.

Judgment was entered on May 29, 2019, and Miranda timely appealed on June 5, 2019.

## II.

On appeal, Miranda challenges the District Court's determination that there had been an "intervening arrest" between his commission of the two offenses at issue and thus its assignment of 3 criminal history points to him for each of the concurrent sentences that were imposed on the same day in consequence of his commission of those offenses. In pressing this contention, Miranda argues that it does not matter whether he was arrested for the offense underlying the second of the two convictions for which he received the concurrent sentences -- namely, the protective order

offense that he committed on January 10, 2013. He contends that is so because any arrest for that offense could not qualify as an "intervening arrest" under § 4A1.2(a)(2), given that it necessarily would have occurred after the commission of the second offense and so could not be an "intervening" one. See U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." (emphasis added)).

The government does not dispute that an arrest that occurred for the January 10, 2013 protective order offense could not qualify as an "intervening arrest" within the meaning of the relevant guideline. But, the government contends, Miranda cannot now challenge his sentence on the ground that there was no arrest for his December 16, 2012 domestic abuse offense, and thus no "intervening arrest" between the two offenses. And that is so because, according to the government, Miranda "invited" the District Court to find that such an arrest -- which even Mirada now concedes on appeal could, if it occurred, qualify as an "intervening arrest" -- in fact did occur, by virtue of his counsel's express representation to that effect at the May 29, 2019 sentencing hearing. We agree.

As we have explained, and as the government points out, Miranda's counsel stated at the May 29, 2019 sentencing hearing that "Miranda had a domestic violence incident with his ex-partner . . . . On December 16, 2012, he is arrested. He is taken to Bayamón where he is in custody." (emphasis added). Thus, through his counsel at that hearing, Miranda invited the District Court to find that an arrest occurred that Miranda does not now dispute would, if it occurred, qualify as an "intervening arrest" under § 4A1.2(a)(2). Indeed, Miranda's counsel's subsequent argument to the District Court -- that Miranda could not have been "arrested" for the second offense in part because he already had been "arrested" and was "in custody" for the first offense -- was predicated on the District Court making that finding. Accordingly, Miranda may not now argue on appeal that whether he was arrested for the second offense is "irrelevant," and that the District Court lacked a basis for concluding that there had been no such arrest in connection with the first offense.[4] See United States v. Rivera-Ruperto, 846 F.3d 417, 431 n.10 (1st Cir. 2017) ("[A] party cannot concede an issue in the district court and later, on appeal, attempt to repudiate that concession and resurrect the issue. To hold otherwise would be to allow a litigant to lead a trial court

_____

[4] Miranda's assertion on appeal that it was "the Government [that] directed the [intervening arrest] inquiry to the January 10, 2013" protective order offense is wholly without record support.

- 12 -

down a primrose path and later, on appeal, profit from the invited error." (alteration in original) (quoting United States v. Gates, 709 F.3d 58, 63 (1st Cir. 2013))); cf. McPhail v. Municipality of Culebra, 598 F.2d 603, 607 (1st Cir. 1979) ("A party may not 'sandbag' his case by presenting one theory to the trial court and then arguing for another on appeal.").

**III.**

The sentence is **affirmed**.