# United States Court of Appeals
## For the First Circuit

No. 21-2019

EARL DONALD BAKER,

Plaintiff, Appellee,

v.

SMITH & WESSON, INC., f/k/a Smith & Wesson Corp.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Gelpí, Circuit Judges.

Connie N. Bertram, with whom Jeffrey E. Poindexter, Bulkley, Richardson & Gelinas, LLP, and Bertram LLP were on brief, for appellant.
John Y. Lee, with whom Benjamin Rudolf, Murphy & Rudolf, LLP, and Lee & Breen, LLC were on brief, for appellee.

July 13, 2022

**LYNCH**, **Circuit Judge**.  This interlocutory appeal from the denial of summary judgment turns on an issue of law: the proper interpretation of the whistleblower protection provision, Section 1514A, of the Sarbanes-Oxley Act.  See 18 U.S.C. § 1514A.  That provision limits protection under Sarbanes-Oxley to whistleblower claims about "a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders."  Id. at § 1514A(a)(1).

Plaintiff Earl Donald Baker is a former employee of Smith & Wesson ("S&W") who sued S&W asserting a claim under Section 1514A for whistleblower retaliation.  Baker concedes that his whistleblowing did not involve a violation of any enumerated statute or "any provision of Federal law relating to fraud against shareholders."[1]  He also concedes that his claim of purported

_____

[1] Baker argues for the first time in supplemental briefing that his whistleblowing involved a "provision of Federal law relating to fraud against shareholders" and attempts to repudiate his previous concession to the district court.  In his opposition to S&W's motion for summary judgment, Baker had conceded: "Baker has not premised his [Sarbanes-Oxley] claim on alleged shareholder fraud.  Rather, his complaint makes clear that he believed, and reported, that S&W's conduct violated federal securities laws and regulations and company rules and policies."

We reject Baker's reversal of his concession.  "[A] party cannot concede an issue in the district court and later, on appeal, attempt to repudiate that concession and resurrect the issue.  To hold otherwise would be to allow a litigant to lead a trial court down a primrose path and later, on appeal, profit from the invited error."  United States v. Miranda-Carmona, 999 F.3d 762, 767 (1st Cir. 2021) (alteration in original) (quoting United States v.

wrongdoing was not based on a Securities and Exchange ("SEC") rule or regulation. Rather, his argument is that the phrase "any rule or regulation of the Securities and Exchange Commission" also refers to statutes within the enforcement power of the SEC. Baker's particular whistleblower claim is based on an alleged violation of 15 U.S.C. § 78m(b)(2), (5), a Foreign Corrupt Practices Act ("FCPA") provision.

After the completion of discovery, S&W moved for summary judgment and argued, inter alia, that Baker's actions did not fall within any of the definitions of protected activity under Section 1514A. The district court interpreted the statute differently and denied S&W's motion for summary judgment as to the whistleblower retaliation claim.

On interlocutory appeal, we reverse the district court's denial of summary judgment as to the Section 1514A claim and remand with instructions to the district court to enter summary judgment in favor of S&W.

## I.

Both parties agree that a complete recitation of the underlying facts is not necessary to address the question of law

---

Rivera-Ruperto, 846 F.3d 417, 431 n.10 (1st Cir. 2017)); see also McPhail v. Mun. of Culebra, 598 F.2d 603, 607 (1st Cir. 1979) ("A party may not 'sandbag' his case by presenting one theory to the trial court and then arguing for another on appeal.").

- 3 -

at issue in this appeal.  We briefly summarize the basic facts and procedural history.

In March 2013, Baker was hired as a Cell Coordinator for the Cutter Department at the S&W manufacturing facility in Springfield, Massachusetts.  For reasons disputed by the parties, S&W placed Baker on administrative leave in July 2014 and terminated his employment in September 2014.

On June 1, 2018, Baker filed a complaint against S&W asserting that S&W retaliated against him for reporting illegal conduct by S&W employees.  He asserts, inter alia, a claim under Section 1514A of Sarbanes-Oxley.  Baker alleges that the purported misconduct that he reported to S&W's human resources and general counsel was that management employees received large bribes and provided improper preferential treatment to a vendor.

S&W moved for summary judgment on the Section 1514A claim, arguing that Baker could not satisfy his burden of showing that he engaged in protected activity under the statute.  In response, Baker argued that he engaged in protected activity because he reported conduct that he reasonably believed violated 15 U.S.C. § 78m(b)(5), an FCPA provision addressing accounting practices and internal controls.[2]

---

[2]    Section 78m(b)(2) and (5) are FCPA provisions incorporated into the United States Code as Section 13(b) of the Securities Exchange Act of 1934.  Section 78m(b) provides:

- 4 -

(2) Every issuer which has a class of securities registered pursuant to section 78l of this title and every issuer which is required to file reports pursuant to section 78o(d) of this title shall--

    (A) make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer;

    (B) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that--

        (i) transactions are executed in accordance with management's general or specific authorization;

        (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

        (iii) access to assets is permitted only in accordance with management's general or specific authorization; and

        (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences; and

    (C) notwithstanding any other provision of law, pay the allocable share of such issuer of a reasonable annual accounting support fee or fees, determined in accordance with section 7219 of this title.

. . .

(5) No person shall knowingly circumvent or knowingly fail to implement a system of internal

- 5 -

On September 10, 2021, the district court denied S&W's motion for summary judgment as to the whistleblower retaliation claim. The court found that "[a] reasonable jury, crediting [Baker]'s testimony, could conclude that [Baker] 'reasonably believed' that the behavior he reported violated securities rules concerning accounting practices and internal controls" (emphasis added). The district court thus misstated the "any rule or regulation of the Securities and Exchange Commission" clause in the statute.

S&W subsequently moved for the court to amend its summary judgment order to include a certification for interlocutory appeal under 28 U.S.C. § 1292(b) and a stay pending appeal. On November 24, 2021, the district court granted the motion and certified the following question: "Does 15 U.S.C. § 78m(b)(2), (5) constitute a 'rule or regulation of the Securities and Exchange Commission' for the purpose of Section 806 whistleblowing protection under [Sarbanes-Oxley]?" On December 27, 2021, this Court granted S&W's petition for permission to appeal.

This Court heard oral argument on June 9, 2022. S&W argued that Baker's whistleblower claim fails for two independent reasons. First, Section 78m(b)(2), (5) is not a "rule or regulation of the Securities and Exchange Commission." Second,

accounting controls or knowingly falsify any book, record, or account described in paragraph (2).

the phrase "relating to fraud against shareholders" modifies all three preceding clauses, and Section 78m(b)(2), (5) -- whether a "rule or regulation of the Securities and Exchange Commission" -- is not "relat[ed] to fraud against shareholders."

The next day, we entered an order directing the parties to file supplemental briefing on the following issues:

> (a) the proper interpretation of "relating to fraud against shareholders" in 18 U.S.C. § 1514A(a)(1), and which of the three phrases it modifies under § 1514A(a)(1): "a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law;"
>
> (b) the relevance of question (a) to the issues before us; and
>
> (c) whether it is necessary to resolve question (a) to resolve this case.[3]

The parties timely filed supplemental briefs pursuant to our order.

In supplemental briefing, S&W argues that the phrase "relating to fraud against shareholders" modifies each of the three parts of the definition of protected activity in Section 1514A(a)(1). S&W also argues that it is not necessary to resolve

---

[3] In an interlocutory appeal under Section 1292(b), "appellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court." Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996); see 28 U.S.C. § 1292(b). The appellate court may address issues other than those certified by the district court which are fairly included within the certified order. See Yamaha Motor Corp., 516 U.S. at 205; Consumer Fin. Prot. Bureau v. All Am. Check Cashing, Inc., 33 F.4th 218, 221 n.2 (5th Cir. 2022) (Jones, J., concurring).

this issue because the original certified question raises a dispositive legal issue.

Baker argues that "relating to fraud against shareholders" only modifies the last clause in Section 1514A(a)(1): "any provision of Federal law."

**II.**

On appeal, we review de novo questions of law, including questions of statutory interpretation. See Gen. Motors Corp. v. Darling's, 444 F.3d 98, 107 (1st Cir. 2006); see also Simon v. G.D. Searle & Co., 816 F.2d 397, 400 (8th Cir. 1987) ("[W]e review de novo the questions of law certified by the district court [under Section 1292(b)].").

To make out a prima facie case under Section 1514A, a plaintiff must allege the existence of facts and evidence showing:

> (i) the employee engaged in a protected activity or conduct; (ii) the [employer] knew or suspected, actually or constructively, that the employee engaged in the protected activity; (iii) the employee suffered an unfavorable personnel action; and (iv) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the unfavorable action.

Day v. Staples, Inc., 555 F.3d 42, 53 (1st Cir. 2009) (alteration in original) (quoting 29 C.F.R. § 1980.104(b)(1)).

On appeal, the parties dispute only whether Baker satisfied his burden of showing the first requirement, that he

"engaged in a protected activity or conduct."  Id.  Section 1514A

provides whistleblower protection to:

> [A]ny lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by . . . a person with supervisory authority over the employee . . . .

18 U.S.C. § 1514A(a) (flush language).  To satisfy the "protected

activity" requirement, an employee must show that he had both a

subjective belief and an objectively reasonable belief that the

conduct that he reported constituted a violation of one of the

provisions listed in Section 1514A(a)(1).  See Day, 555 F.3d at 55

("The employee must show that his communications to the employer

specifically related to one of the laws listed in [Section]

1514A.").  "The employee is not required to show that there was an

actual violation of the provision involved."  Id.

Baker argues that he has satisfied his burden of showing

the "protected activity" requirement because he reported conduct

that he reasonably believed violated Section 78m(b)(2), (5).[4]  He

---

[4]     Baker did not identify this statute when he filed the complaint against S&W asserting his whistleblower retaliation claim under Section 1514A.  Baker identified the statute for the

- 9 -

concedes that Section 78m(b)(2), (5) is not one of the fraud statutes listed in Section 1514A(a)(1) -- Sections 1341 (mail fraud), 1343 (wire fraud), 1344 (bank fraud), or 1348 (securities fraud) -- and is not a "provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1). He argues only that the FCPA, including Section 78m(b)(2), (5), is a "rule or regulation of the Securities and Exchange Commission." Id.

We disagree. The plain text of Section 1514A(a)(1) makes clear that the FCPA is not a "rule or regulation of the Securities and Exchange Commission."

We start with the text of Section 1514A(a)(1). See Oklahoma v. Castro-Huerta, No. 21-429, 2022 WL 2334307, at *8 (U.S. 2022) ("As this Court has repeatedly stated, the text of a law controls over purported legislative intentions unmoored from any statutory text."); Merit Mgmt. Grp., LP v. FTI Consulting, Inc., 138 S. Ct. 883, 893 (2018). We "strive to interpret statutes so that each word in the statutory text has meaning," Woo v. Spackman, 988 F.3d 47, 51 (1st Cir. 2021), and interpret a statute's text in accordance with its ordinary, contemporary, and common meaning, see Sw. Airlines Co. v. Saxon, No. 21-309, slip op. at 3 (U.S. 2022); Penobscot Nation v. Frey, 3 F.4th 484, 491 & n.5 (1st Cir.

---

first time in his opposition to S&W's motion for summary judgment. We assume arguendo that Baker reasonably believed that the conduct he reported violated Section 78m(b)(2), (5).

2021) (en banc). Further, we presume that "Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another." Dep't of Homeland Sec. v. MacLean, 574 U.S. 383, 391 (2015). "When the text is unambiguous and the statutory scheme is coherent and consistent, we do not look to legislative history or Congressional intent." Penobscot Nation, 3 F.4th at 491.

Based on the text of Section 1514A(a)(1), "any rule or regulation of the Securities and Exchange Commission" does not include federal statutes, such as the FCPA. As the Ninth Circuit explained in Wadler v. Bio-Rad Laboratories, Inc., "Congress uses the phrase 'any rule or regulation of the [SEC]' in the same list in which it uses 'any provision of Federal law relating to fraud against shareholders,' which strongly suggests that there is a difference between the meaning of 'rule or regulation' and 'law.'" 916 F.3d 1176, 1186 (9th Cir. 2019) (alteration in original) (citation omitted). Baker's interpretation of the phrase "rule or regulation" "violates our usual rule against 'ascribing to one word a meaning so broad' that it assumes the same meaning as another statutory term." Ysleta Del Sur Pueblo v. Texas, 142 S. Ct. 1929, 1939 (2022) (quoting Gustafson v. Alloyd Co., 513 U.S. 561, 575 (1995)). In the context of other federal statutes, the Supreme Court has held that "'federal law' obviously means federal statutes" and not case law or agency rules and regulations. Cuomo

- 11 -

v. <u>Clearing House Ass'n</u>, 557 U.S. 519, 532 n.4 (2009). Here, "[t]he most obvious explanation is that 'law' encompasses statutes, like the FCPA, whereas 'rule or regulation' does not." <u>Wadler</u>, 916 F.3d at 1186.

Further, the inclusion of the qualifier "<u>of</u> the Securities and Exchange Commission" in the statute makes clear that the phrase "any rule or regulation" does not include federal statutes because the SEC does not have the authority to enact statutes. 18 U.S.C. § 1514A(a)(1) (emphasis added). The Supreme Court has consistently held that "[t]he use of the word 'of' denotes ownership." <u>Bd. of Trs. of Leland Stanford Junior Univ.</u> v. <u>Roche Molecular Sys., Inc.</u>, 563 U.S. 776, 788 (2011) (alteration in original) (quoting <u>Poe</u> v. <u>Seaborn</u>, 282 U.S. 101, 109 (1930)) (listing cases). This definition also follows the ordinary meaning of the word "of." <u>See</u> <u>Of</u>, OED Online, www.oed.com/view/Entry/ 130549 (last visited June 29, 2022) (defining "of" as "[o]f origin or source. Indicating the thing, place, or person from which or whom something originates, comes, or is acquired or sought"); <u>Of</u>, Merriam-Webster, https://www.merriam-webster.com/dictionary/of (last visited June 29, 2022) (explaining that "of" can be "used as a function word to indicate origin or derivation").

The text of the statute does not support Baker's argument that "of" should be defined here as "relating to." Baker's strained reading contravenes the ordinary, contemporary, and

common meaning of the word "of" read in the context of the surrounding text. See Sw. Airlines Co., slip op. at 3. In addition, Congress's use of the words "relating to" in the very next clause ("any provision of Federal law relating to fraud against shareholders," 18 U.S.C. § 1514A(a)(1) (emphasis added)) demonstrates that Congress did not intend for the word "of" to mean "relating to." See Russello v. United States, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972))).

The statutory structure also reinforces our reading of Section 1514A(a)(1). See Merit Mgmt. Grp., 138 S. Ct. at 894. The first clause in Section 1514A(a)(1)'s list enumerates four federal statutes explicitly named by Congress: Sections 1341, 1343, 1344, and 1348. Congress specifically did not cite to Section 78m(b)(2), (5) in this first clause. See Russello, 464 U.S. at 23. Further, Baker's reading of the statute would render the third clause in Section 1514A(a)(1)'s list superfluous. If Baker were correct that "any rule or regulation of the Securities and Exchange Commission" includes federal statutes, any federal law "relating to" shareholder fraud would necessarily be a "rule

- 13 -

or regulation" relating to the SEC, which oversees enforcement of laws relating to shareholder fraud.  Thus, under Baker's reading of Section 1514A(a)(1), the third clause -- "any provision of Federal law relating to fraud against shareholders" -- would be entirely subsumed into the second clause.  Congress certainly did not intend for such a result.  See City of Chicago v. Fulton, 141 S. Ct. 585, 591 (2021) ("The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme." (quoting Yates v. United States, 574 U.S. 528, 543 (2015))).

Where "the statutory language is unambiguous and the statutory scheme is coherent and consistent, . . . our inquiry must cease."  Penobscot Nation, 3 F.4th at 490 (cleaned up).  We therefore reject Baker's arguments as to legislative history.  See Castro-Huerta, 2022 WL 2334307, at *8.  Because Section 78m(b)(2), (5) is not a "rule or regulation of the Securities and Exchange Commission," Baker's conduct was not "protected activity" under Section 1514A, and he cannot satisfy his burden of bringing a claim for whistleblower retaliation under Section 1514A.  Day, 555 F.3d at 53.[5]

---

[5]     Because we hold that Section 78m(b)(2), (5) is not a "rule or regulation of the Securities and Exchange Commission," we do not address the separate issue of which of the three clauses the phrase "relating to fraud against shareholders" modifies under Section 1514A(a)(1).

## III.

Reversed and remanded with instructions to enter summary judgment in favor of S&W.